# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**VALERIE MOATS,** *individually and on behalf of other similarly situated individuals,*

    **Plaintiff,**

v.

**HIBBETT, INC. and HIBBETT RETAIL, INC.,**

    **Defendants.**

CASE NO. 4:22-cv-00372

## NOTICE OF REMOVAL

Defendants Hibbett, Inc.[1] ("Hibbett") and Hibbett Retail, Inc. ("Hibbett Retail", collectively "Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal, removing Case No. 2022-CA-000816 from the Circuit Court of the Second Judicial Circuit in and for Leon County, State of Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. In support of its Notice of Removal, Defendants state as follows:

---

[1] Defendants maintain that this Court does not possess personal jurisdiction over Hibbett, Inc. Defendants reserve all rights to dispute jurisdiction over Hibbett, Inc. and this limited appearance to remove this matter to the Northern District of Florida should not be construed as a waiver of those rights.

## JURISDICTION

1.	Neither Defendant has been properly served with process. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b) because Defendants are seeking removal "within 30 days after receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading." 28 U.S.C. § 1446(b) (emphasis added). Here, Defendants' agent for service of process was served with Plaintiff Valerie Moat's ("Plaintiff") Motion to Stay Proceedings ("Motion to Stay") on October 4, 2022. Attached to the Motion to Stay was Plaintiff's Complaint filed in Florida state court on May 16, 2022 and a Summons that appears to have been dated by hand on October 4, 2022.[2] In accordance with 28 U.S.C. § 1446(a), true and correct copies of the state court filings, including the Motion to Stay and its attachments, are attached hereto as **Exhibit A**.

2.	Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that this case arises under the laws of the United States, specifically, the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 and presents a federal question.

---

[2] While Defendants disagree that they were properly served with the Summons and Complaint in this action, out of an abundance of caution, Defendants remove this action to the Northern District of Florida within twenty (20) days of receiving the Summons and Complaint by virtue of receiving the Motion to Stay on October 4, 2022.

3. Jurisdiction is also independently proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity.

### FEDERAL QUESTION JURISDICTION – FACTA

4. Plaintiff brings this putative class action based on alleged violations of FACTA, which generally provides:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C.A. § 1681c(g).

5. Plaintiff alleges that Defendants violated FACTA by "printing the first six (6) and last four (4) digits of their customers' credit card and debit card account numbers on point-of-sale transaction receipts…" (Complaint, hereinafter "Compl.", ¶¶1-2).

6. Plaintiff alleges that on or about "the end of 2021", she used her personal credit card to make multiple purchases at Defendants' retail locations in Pensacola, Florida and Crestview, Florida, and that after making her purchases she was provided

with an electronically printed receipt showing the first six (6) and last four (4) digits of her credit card account number. (Compl., ¶ 73)

7. Plaintiff alleges that Defendants' printing of her receipt with more than the last five (5) digits of her credit card account number violated FACTA, and she brings a putative class action on behalf of other allegedly similarly situated class members as set forth below.

8. Plaintiff further alleges that the point-of-sale system used by Defendants' retail locations maintains records of all payment transactions and has the ability to print duplicate copies of all payment receipts provided to customers. (Compl., ¶83).

9. Plaintiff further alleges that Defendants' printing of the ten (10) digits of her credit card account numbers "violated [her] and the other putative Class members' privacy, breached their confidence, mishandled their personal credit and debit card account information, and unnecessarily exposed them to a heightened risk of identity theft." (Compl., ¶85).

10. Plaintiff seeks damages, individually and on behalf of all others similarly situated, for violation of FACTA, and requests statutory remedies, punitive damages, attorneys' fees and costs. (Compl., p. 24, Prayer for Relief).

11. To the extent Plaintiff's Complaint rests on Defendants' alleged violations of FACTA, her claim involves a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

## CAFA JURISDICTION

12. Plaintiff not only brings this action as an individual, but also brings this action on behalf of a class of persons similarly situated. As set forth below, CAFA provides an additional independent basis for jurisdiction in federal court.

13. CAFA grants federal courts original jurisdiction over class actions where: (1) the putative class contains at least 100 members; (2) any member of a class of plaintiffs is a citizen of a state different from that of any defendant; and (3) the amount in controversy exceeds $5,000,000 in the aggregate for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5).

### The Alleged Putative Class Exceeds 100 Members

14. CAFA requires that the putative class contain at least 100 putative class members. 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed national class as follows:

> *(i) All persons in the United States who, within the two (2) years prior to the filing of the complaint through the date of the Court's order granting class certification, (ii) engaged in one or more transactions using a debit card or credit card at one or more of Defendants' retail locations, (iii) at which time Defendants' point-of-sale system was programmed to generate a printed customer receipt displaying more than the last 5 digits of the credit or debit card account number or the expiration date of the credit or debit card used in connection with such transaction(s).*

(Compl., ¶87).

15.     Plaintiff does not state the specific number of putative class members in her Complaint. However, Plaintiff alleges that Defendants systematically violated FACTA with respect to retail customers at each of Defendants' retail locations *nationwide*. The Complaint further alleges Defendants operate retail sporting goods stores in *35 states*. (Compl., ¶12) (emphasis added). Plaintiff further alleges that Defendants printed "*tens of thousands* of point-to-sale receipts containing more than the last five (5) digits of credit and debit card account numbers." (Compl., ¶84) (emphasis added). Thus, any customers who allegedly received an electronically printed receipt that purportedly violated FACTA at Defendants' retail locations would be members of the putative class as defined by Plaintiff. Accepting the allegations of the Complaint as true, each of these transactions would be part of the proposed class. Thus, there are more than 100 members in the putative class.

### There Is Minimal Diversity Among The Parties

16. The second requirement under CAFA is minimal diversity, which requires that at least one putative class member be a citizen of a different state than that of any one defendant. *See* 28 U.S.C. § 1332(d)(2).

17. Here, at least one putative class member is a citizen of the State of Florida, namely Plaintiff Valeria Moats. (Compl., ¶9).

18. Defendant Hibbett, Inc. is alleged to be a corporation organized and existing under the laws of the State of Delaware, with its home office in Alabama. (Compl., ¶10).

19. Defendant Hibbett Retail, Inc. is alleged to be a corporation organized and existing under the laws of the State of Delaware, with its home office in Alabama. (Compl., ¶11).

20. Accordingly, minimal diversity is established here because Plaintiff is a citizen of Florida and Defendants are citizens of Delaware and Alabama.

### The CAFA Amount In Controversy Is At Least $5,000,000

21. The third and final requirement under CAFA is that the amount in controversy exceed $5,000,000 for the putative class in the aggregate, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2).

22. A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). *See also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014). Further, "at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'" *Dudley*, 778 F.3d at 913 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

23. Although Plaintiffs do not specify a damages amount, courts are permitted to use their "judicial experience and common sense" when assessing the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). They may also "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62. And they "need not 'suspend reality or shelve common sense'" when deciding if the complaint shows the amount in controversy requirement is met. *Id.* at 1062.

24. Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6). In the Complaint, Plaintiff seeks to recover statutory damages, punitive damages, attorneys' fees and costs. (Compl., p. 24, Prayer for Relief).

25. FACTA provides for recovery of statutory damages of not less than $100, but not more than $1,000 per willful violation. Plaintiff alleges that Defendants printed "tens of thousands of point-to-sale receipts containing more than the last five (5) digits of credit and debit card account numbers." (Compl., ¶84). Plaintiff further alleges that Defendants systematically violated FACTA in this manner in its retail sporting goods stores in 35 states. (Compl., ¶12) Thus, the amount in controversy based on the allegations of Plaintiff's Complaint exceeds the required minimum.

26. Additionally, Plaintiff seeks punitive damages. (Compl., p. 24, Prayer for Relief). While Defendants do not concede punitive damages would ever be appropriate under the circumstances of this case, where punitive damages are available under applicable law, they are considered in determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine amount in controversy); *Holley Equip Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered") (internal citations omitted).

27. Moreover, attorneys' fees are properly included in the amount in controversy if an underlying statute or contract authorizes an award of attorneys' fees. *Smith v. GTE Corp.*, 236 F.3d 1292, 1305 (11th Cir. 2001). Here, Plaintiff

specifically demands attorneys' fees, litigation fees and costs of suit. (Compl., p. 24, Prayer for Relief).

28. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

### The Exceptions To CAFA Jurisdiction Do Not Apply

29. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). In this case, no exception applies. Each CAFA exception requires, as a starting point, an in-state defendant. U.S.C. § 1332(d)(3)-(4) (local controversy CAFA exception requires that "significant relief" be sought from an in-state defendant; home state and discretionary CAFA exceptions require that all "primary defendants" be resident defendants). Here, Defendants are not residents of Florida, which Plaintiff concedes in her Complaint. (Compl., ¶¶ 10-11) As such, none of the CAFA exceptions can possibly apply here.

30. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this civil action is properly removable under CAFA.

### **THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

31. Because this Notice of Removal was filed within thirty days of receipt "through service or otherwise" of the Complaint by Defendants, it is timely under 28 U.S.C. § 1446(b).

32. Defendants have sought no similar relief with respect to this matter.

33. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

34. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

35. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Clerk for the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida.

36. The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Northern District of Florida, Tallahassee Division, and this cause is removable to the United States District Court for the Northern District of Florida, Tallahassee Division.

37. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully give notice that this action has been removed from the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division, being the district and division for the county in

which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted October 24, 2022.

>*/s/ Emily C. Burke*
>Emily C. Burke
>(FL Bar No.: 1018878)
>Mya M. Hatchette
>(FL Bar No.: 380120)
>
>*Attorneys for Defendants Hibbett, Inc. and Hibbett Retail. Inc.*

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
200 E. New England Avenue, Suite 300
Winter Park, Florida 32789
Telephone: 205.254.1000
Fax: 205.254.1999
Email: eburke@maynardcooper.com
Email: mhatchette@maynardcooper.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following either via the CM/ECF system which will send electronic notification to counsel, or via U.S. Mail, postage pre-paid, on October 24, 2022:

Scott D. Owens
SCOTT D. OWENS, P.A.
2750 N. 29th Ave., Suite 209A
Hollywood, Florida 33020
Phone: (954) 589-0588
Fax: (954) 337-0666
scott@scottdownes.com

*Attorney for Plaintiff*


                                                            */s/ Emily C. Burke*
                                                            **OF COUNSEL**